Paul D. Stevens (SBN 207107)
pstevens@mildsteinadelman.com
Shireen Mohsenzadegan (SBN 237882)
smohsenzadegan@milsteinadelman.com
MILSTEIN ADELMAN, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405
Telephone: 310-396-9600
Facsimile: 310-396-9635

Attorneys for Plaintiffs
Paul Martin and Ann Kenney

Robert D. Phillips, Jr. (SBN 82639)
rphillips@reedsmith.com
Kathy J. Huang (SBN 240677)
khuang@reedsmith.com
Brett B. Goodman (SBN 260899)
bgoodman@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213-457-8000
Facsimile: 213-457-8080

Attorneys for Defendant
adidas America, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MARTIN and ANN KENNEY, each individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ADIDAS, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | No.: 13-CV-00188 GAF(CWx)<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL AND TRADE SECRET INFORMATION**<br><br>[Fed. R. Civ. P. 26(c)]<br><br>The Honorable Carla Woehrle<br><br>Compl. Filed: December 12, 2012<br>Compl. Removed: January 10, 2013<br>Amended Compl. Filed: February 4, 2013<br>Trial Date: Not Set |

1 This Stipulated Protective Order Regarding Confidential and Trade Secret Information ("Stipulated Protective Order") is entered into by and between plaintiffs Paul Martin and Ann Kenney ("Plaintiffs") and defendant adidas America, Inc. (erroneously sued as Adidas, Inc.; hereinafter, "adidas") (collectively, the "Parties"), by and through their respective counsel of record.

## GOOD CAUSE STATEMENT

The Parties agree that at least some of the documents and information being sought through discovery in the above-captioned action are normally kept confidential by the producing party. The materials to be exchanged throughout the course of the litigation between the Parties or obtained from non-parties to the action may contain proprietary information, confidential business or financial information, information that may for any business or competitive purposes need to be protected from disclosure, trade secrets, and/or information in which any party or a non-party has a privacy interest or an interest to keep confidential. The purpose of the Stipulated Protective Order is to protect the confidentiality of such materials as much as practical during the litigation. The Parties agree that the public disclosure of such materials would cause prejudice or irreparable harm to the producing party. Accordingly, the Parties have agreed to abide by the terms of this Stipulated Protective Order to facilitate the production of this information solely for the purposes of this case.

The Stipulated Protective Order will govern the use of Confidential Information produced during the discovery and pretrial phases in this Action. The Court shall later determine how Confidential Information is to be treated at trial in accordance with Paragraph 24 below.

/ / /

# DEFINITIONS

1. The term "Confidential Information" shall mean and include any information disclosed in this litigation, regardless of the medium or manner in which it is generated, stored, maintained, or produced (including, among other things, testimony, transcripts, documents and other tangible things), which is deemed in good faith by a party to this case, or any third party from whom discovery is sought, to constitute trade secret[1], proprietary, or sensitive information, including but not limited to financial data, research and development information; customer and retailer information; company personnel information; marketing strategies and information; strategic business information (including but not limited to business plans, forecasts, cost information, or logistical information); and any other information that affords the producing party in this litigation an actual or potential economic advantage over others.

2. The term "materials" shall have the broadest interpretation as to encompass anything and everything produced and/or disclosed in accordance with this Stipulated Protective Order and shall include, but shall not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; electronically stored information; compilations from which information can be obtained and translated into reasonably usable form through

---

[1] Cal. Civ. Code § 3426.1(d) states, "'Trade secret' means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "Counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and designated contract attorneys and other support staff employed by Counsel. "Counsel" shall also include in-house attorneys for adidas and any other attorneys who are employees of a Party.

4. The term "Party" shall mean, in the plural as well as the singular, any named plaintiffs or defendant in this action, and shall include any present directors, officers, or employees of any party.

5. The "producing party" shall mean a Party or non-party that produces materials in the course of this litigation.

6. The "designating party" shall mean a Party or non-party that designates materials that it produces in disclosures or in discovery as "Confidential."

7. The "receiving party" shall mean a Party that receives materials from a producing party in the course of this litigation.

## GENERAL RULES

8. Each Party or non-party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing and/or disclosing party believes should be subject to this Stipulated Protective Order can designate the same as "CONFIDENTIAL."

a. Designation as "CONFIDENTIAL": Any Party or non-party to this litigation may designate information as "CONFIDENTIAL" if that Party or non-party believes, in good faith, that the materials contain proprietary information, confidential business or financial information, information that may for any business or competitive purposes need to be protected from disclosure, trade secrets, and/or

information in which that Party or non-party has a privacy interest or an interest to keep confidential.

9. In the event that a Party or non-party produces documents in response to a request for production of documents or subpoena, the producing party may designate Confidential Information by stamping any document or material produced to a Party with the legend "CONFIDENTIAL" or by informing the Parties of the designation in writing at the time of production. Any such stamp or designation shall not in any manner cover up, overlap upon, obscure or otherwise conceal any text, picture, drawing, graph or other communication or depiction in the document. As reasonably practicable, to the extent that a document or other material contains both Confidential Information and non-confidential information, the Designating Party shall clearly delineate the particular portions that constitute Confidential Information and the remaining portions of the document or material shall be deemed not Confidential Information.

10. Whenever a deposition taken on behalf of any Party involves a disclosure of Confidential Information of a Party or non-party:

a. said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Stipulated Protective Order; such designation shall be made on the record at the deposition, or by serving such designations within fifteen (15) days after receipt of the final transcript of the deposition.

b. the Party or non-party offering or sponsoring the testimony shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 12 below; and

c. the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" as appropriate, and the original or any copy

– 5 –
STIPULATED PROTECTIVE ORDER

ultimately presented to a court for filing shall not be filed unless it can be accomplished under seal, identified as being subject to the Stipulated Protective Order, and protected from being opened except by order of this Court.

11.   All Confidential Information designated as "CONFIDENTIAL" shall not be disclosed by the receiving party to anyone other than those persons designated herein and those who have signed the "Acknowledgement and Agreement to Be Bound by The Stipulated Protective Order" (attached hereto as "Exhibit A") and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

12.   Information designated "CONFIDENTIAL" shall be disclosed only to (a) the Court and its officers in this litigation pursuant to paragraph 15 of this Stipulated Protective Order; (b) any Party, or any in-house counsel, officer, director, or employee of a Party to the extent deemed reasonably necessary by Counsel to aid in the prosecution, defense, or settlement of this action; (c) counsel of record for each Party and designated contract attorneys or personnel employed by counsel of record; (d) experts and/or consultants (together with their clerical staff) retained by counsel of record on behalf of the parties; (e) mediators and/or discovery referees selected by counsel of record on behalf of the parties or appointed by the Court in this action who have signed the "Acknowledgement and Agreement to Be Bound by The Stipulated Protective Order" (attached hereto as "Exhibit A"); (f) litigation support services, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic discovery or trial preparation employed in this action who have signed the "Acknowledgement and Agreement to Be Bound by The Stipulated Protective Order"; (g) non-party witnesses at any depositions or other pretrial proceedings in this action to the extent deemed reasonably necessary by Counsel to aid in the prosecution, defense, or settlement of this action, who have signed the "Acknowledgement and Agreement to Be Bound by

The Stipulated Protective Order"; and (h) any other persons who have signed the "Acknowledgement and Agreement to Be Bound by The Stipulated Protective Order."

13. With respect to material designated "CONFIDENTIAL," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

14. All information which has been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the Counsel for the receiving party, except that independent experts authorized to view such information under the terms of this Stipulated Protective Order may retain custody of copies such as are necessary for their participation in this litigation.

15. Concurrently with the production of any materials in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information that are filed with the Court for any purpose, the Party or non-party seeking to file such material shall seek permission of the Court to file said material under seal in accordance with the Local Rules for the Central District of California, particularly Local Rule 79-5.1, and the Court's Standing Order Re: Protective Order and Treatment of Confidential Information. Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to Counsel.

16. At any stage of these proceedings, any Party may object to a designation of the materials as Confidential Information. The Party objecting to confidentiality shall notify, in writing, Counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) business days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at

issue shall be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

17. All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. Counsel for each Party, and any persons receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Stipulated Protective Order, the Party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other Parties and, without prejudice to any rights and remedies of the other Parties, make every effort to prevent further disclosure by the Party and by the person(s) receiving the unauthorized disclosure.

18. No Party shall be responsible to another Party or non-party for disclosure of Confidential Information under this Stipulated Protective Order if the information in question is not labeled or otherwise identified as such in accordance with this Stipulated Protective Order.

19. If a Party or non-party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Stipulated Protective Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Stipulated Protective Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the Parties and producing party shall

agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL."

20. Nothing herein shall prejudice the right of any Party or non-party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

21. Nothing in this Stipulated Protective Order shall bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

22. This Stipulated Protective Order shall be without prejudice to the right of any Party or non-party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of the Stipulated Protective Order shall not be used as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

23. If any Party or non-party has obtained Confidential Information in accordance with this Stipulated Protective Order and receives a request to produce such Confidential Information by subpoena or other compulsory process commanding the production of such Confidential Information, such Party or non-party shall promptly notify the producing and/or disclosing party, including in such notice the date set for the production of such subpoenaed information and, unless prohibited by applicable law, enclosing a copy of the subpoena (or other form of process). Notwithstanding the foregoing, nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

24. The Parties will disclose any exhibits containing Confidential Information that they intend to introduce at trial, and the Parties shall be prepared at the Final Pretrial Conference to discuss how such exhibits will be used at trial and what protection from disclosure is warranted.

25. Upon final termination of this action, including any and all appeals, Counsel shall, upon request of the producing party, return all Confidential Information to the Party or non-party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides.  Notwithstanding the foregoing, counsel of record for each Party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by the Stipulated Protective Order with respect to all such retained information.  Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by the Stipulated Protective Order with respect to all such retained information.

26. The restrictions and obligations set forth herein shall not apply to any information that: (a) the Parties agree should not be designated Confidential Information; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of the Stipulated Protective Order; or (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party.  Prior knowledge must be established by pre-production documentation.

27. The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

28. Transmission by facsimile is acceptable for all notification purposes herein.

29. This Stipulated Protective Order may be modified by agreement of the parties, subject to approval by the Court.

30. The Court may modify the terms and conditions of this Stipulated Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The Parties prefer that the Court provide them with notice of the Court's intent to modify the Stipulated Protective Order and the content of those modifications, prior to entry of such an order.

NOW THEREFORE, this Stipulated Protective Order is submitted to the Court for an order that all Parties, through their respective counsel of record, shall abide by the terms of the Stipulated Protective Order as set forth therein.

**STIPULATED AND AGREED TO BY:**

DATED: March 12, 2013                MILSTEIN ADELMAN, LLP

By    /s/ Paul D. Stevens
Paul D. Stevens (SBN 207107)
Shireen Mohsenzadegan (SBN 237882)
Attorneys for Plaintiffs
Paul Martin and Ann Kenney

DATED: March 12, 2013                REED SMITH LLP

By    /s/ Kathy J. Huang
Robert D. Phillips, Jr. (SBN 82639)
Kathy J. Huang (SBN 240677)
Brett B. Goodman (SBN 260899)
Attorneys for Defendant
adidas America, Inc.

## ORDER

Based on the above stipulation, and good cause appearing, IT IS SO ORDERED.

Dated: March 11, 2013

*/s/ Carla M. Woehrle*
_____
Honorable Carla Woehrle
United States District Court Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY THE STIPULATED PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that:

1. I have read in its entirety and understand the Stipulated Protective Order entered in *Paul Martin v. adidas, Inc.*, Case No. 13-CV-00188 GAF(CWx), and have received a copy of the Stipulated Protective Order.

2. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

3. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

4. I promise that I will use any and all "Confidential Information," as defined in the Stipulated Protective Order, given to me only in a manner authorized by the Stipulated Protective Order, and only to assist Counsel in the litigation of this matter.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____        _____
                              (Print Name)

                              _____
                              (Signature)

REED SMITH LLP
A limited liability partnership formed in the State of Delaware